■ J.G. MAILAENDER DRUCKMASCHINENFABRIK, GMBH & Co. K.G., Appellant, v OTTO ISENSCHMID CORP., Respondent. — In an action to enforce a judicial settlement concluded in the District Court, Fifth Civil Chamber for Business Affairs, Stuttgart, West Germany, plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Balletta, J.), dated July 27, 1981, which denied its motion for summary judgment in lieu of complaint as to the monetary provisions of said judicial settlement and (2) as limited by its brief, from so much of a further order of the same court, dated December 1, 1981, as, upon granting plaintiff's motion for reargument, adhered to its prior determination. Appeal from order dated July 27, 1981 dismissed, without costs or disbursements. That order was superseded by the order dated December 1, 1981. Order dated December 1, 1981 reversed, insofar as appealed from, on the law, without costs or disbursements, order dated July 27, 1981 is vacated and plaintiff's motion for summary judgment is granted. We agree with Special Term to the extent that the judicial settlement concluded in the District Court, Fifth Civil Chamber for Business Affairs, Stuttgart, West Germany, is the equivalent of a consent judgment which would constitute a "Foreign Country Judgment" for purposes of CPLR article 53, enforceable by a motion for summary judgment in lieu of complaint (see CPLR 5301, subd [b]; 5303, 3213; *People ex rel. Norwich Pharmacal Co. v Porter*, 228 App Div 54). Recognition and enforcement of the monetary provisions of that judicial settlement, however, should not be made dependent upon the disposition of the merits of defendant's claims as to plaintiff's alleged noncompliance with the nonmonetary provisions thereof. It is apparent that under German law the nonmonetary provisions of the judicial settlement are completely unenforceable. Accordingly, noncompliance with those provisions cannot bar recognition and enforcement of otherwise enforceable provisions. It also does not follow that section 767 of the Civil Procedure Code of the Federal Republic of Germany, which provides a procedural vehicle to defend against execution of the judicial settlement, affects the finality or conclusiveness of the judicial settlement. That there may be triable issues of fact, therefore, relating to defendant's claims of plaintiff's alleged noncompliance with the nonmonetary provisions does not mandate denial of plaintiff's motion. Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.