■ CARMEN VELEZ, as Administratrix of the Estate of JULIO VELEZ, Deceased, Respondent, v MORRIS SPRINGER, Appellant, et al., Defendant. — In a medical malpractice and wrongful death action, defendant Springer appeals from so much of an order of the Supreme Court, Kings County (Composto, J.), dated June 29, 1982, which, after a traverse hearing, denied his motion to dismiss the complaint as to him for lack of personal jurisdiction. Order affirmed, insofar as appealed from, with costs. The deputy sheriff's attempt to personally serve defendant Springer on three separate occasions at Springer's combined home and office, at least one of which was during his office hours, constituted due diligence in attempting personal service as required under CPLR 308 (subd 4). Damiani, J. P., Mangano, Thompson and O'Connor, JJ., concur.

■ In the Matter of NILDA AMADEO, Respondent, v CARMEN PORTANTIN, Appellant. — In a proceeding pursuant to article 6 of the Family Court Act by a natural mother to obtain custody of her infant child, the paternal grandmother appeals from an order of the Family Court, Kings County (Rand, J.), dated June 4, 1982, which granted the application. By order of this court dated November 10, 1982, the enforcement of the order was stayed. Order dated June 4, 1982, affirmed, without costs or disbursements. The stay of enforcement of the order is hereby vacated. The award of custody to the natural parent is warranted because there was no evidence presented to sustain a finding of surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody or any other equivalent extraordinary circumstance which would drastically affect the welfare of the child (see *Matter of Merritt v Way,* 58 NY2d 850; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 544). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.