■ ELIZABETH A. THORPE, Formerly Known as ELIZABETH A. SCIORTINO, Respondent, v ROBERT MCCAFFREY, Appellant.— Levine, J. Appeal (1) from an amended order of the Supreme Court (Brown, J.), entered January 5, 1989 in Saratoga County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the amended judgment entered thereon.

Plaintiff, a resident of Virginia, brought this action in Supreme Court, Saratoga County, to recover on a judgment rendered by default against defendant in a Virginia court for $18,000, plus interest and costs. Defendant's answer consisted of a denial of knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations of the complaint, and two affirmative defenses, i.e., that the Virginia court lacked a basis to exercise personal jurisdiction over him and that the judgment was obtained by fraud.

Plaintiff then moved for summary judgment. The moving papers contained evidence in admissible form of the following facts. Plaintiff's suit in Virginia arose out of a transaction negotiated in that State wherein plaintiff loaned defendant $18,000 for the purpose of purchasing a restaurant and bar in the Town of Hadley, Saratoga County, under a representation that defendant would make plaintiff a partner in that establishment. Plaintiff paid defendant the $18,000 in Virginia by a check drawn from her account on Virginia National Bank. Defendant breached the agreement by failing to have title to the Hadley property transferred in the names of both parties. After demand for repayment was met with a letter from defendant's then-attorney essentially admitting that the money was owed but claiming financial inability and offering to comply with the promise to formally make plaintiff a partner, plaintiff brought this action under Virginia's long-arm statute. Plaintiff fully complied with the Virginia stat-

ute's procedures with respect to service of process on a nonresident defendant. Defendant duly received actual notice of the pendency of plaintiff's action and failed to avail himself of the opportunity to defend the suit.

Defendant's answering affidavit in this action averred that the negotiations and oral agreement between the parties took place in New York and that "[a]ll material aspects of this transaction occurred outside of the Commonwealth of Virginia". Defendant further averred that plaintiff committed a fraud on the Virginia court by characterizing the transaction as a loan, whereas it was actually a joint business venture. Defendant appeals from Supreme Court's amended order granting plaintiff summary judgment and from the amended judgment entered thereon.

There should be an affirmance. Defendant's opposing affidavit raised no issue as to the evidence submitted by plaintiff establishing compliance with the Virginia statute's procedural requirements, his receipt of actual notice of the pending Virginia action and his failure to appear or defend. Therefore, the only question to be considered is the sufficiency of the answering papers to raise an issue of fact as to whether the Virginia court could validly exercise in personam jurisdiction over him or whether the Virginia judgment was unenforceable by reason of plaintiff's alleged fraud.

Supreme Court correctly held that defendant's affidavit was insufficient to create an issue of fact as to the validity of the Virginia court's exercise of personal jurisdiction over him. The constitutional standard for the acquisition of extraterritorial in personam jurisdiction is sufficient minimum contacts which make subjecting a defendant to a suit in the forum State consistent with traditional notions of fair play and substantial justice (*International Shoe Co. v Washington*, 326 US 310, 316). Sufficient minimum contacts exist where a defendant purposefully avails himself of the privilege of conducting activities in the forum State, thereby invoking the benefits and protection of the laws of the forum State (*Burger King Corp. v Rudzewicz*, 471 US 462, 475). With respect to interstate contractual disputes, the minimum contacts facet of the due process test is met if the defendant reached out beyond one State and created continuing relationships and obligations with citizens of another State (*see, supra,* at 473), or if the suit arises out of a contract which had a substantial connection with the forum State (*McGee v International Life Ins. Co.,* 355 US 220, 223).

Accepting as true defendant's averments that the agree-

ment between him and plaintiff was a joint venture and not a loan, and even crediting defendant's dubious, conclusory statement that the agreement was negotiated and concluded in New York, plaintiff's uncontradicted evidence meets the minimum contacts requirement. By the uncontested facts, defendant consummated the transaction in Virginia, accepted plaintiff's performance of her obligation under the agreement in that State and received plaintiff's consideration in the form of a check drawn on a Virginia bank. Thus, it can hardly be denied that the agreement had a substantial connection with the forum State *(see, supra)*. Moreover, under defendant's characterization of the transaction as a joint venture, he clearly reached out to create a continuing relationship and set of legal obligations with plaintiff, a citizen of Virginia *(see, Burger King Corp. v Rudzewicz, supra; Travelers' Health Assn. v Virginia,* 339 US 643, 647).

Imposing jurisdiction over defendant in Virginia also was consistent with traditional notions of fair play and substantial justice under that aspect of the *International Shoe* test. Once it has been shown that a defendant purposefully has directed activities at forum State residents, "he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" *(Burger King Corp. v Rudzewicz, supra,* at 477). Defendant has made no showing that the burden of defending the Virginia suit would have been any greater than the burden on plaintiff if she were to be required to litigate the dispute in New York, or that New York's interest in this dispute outweighs Virginia's legitimate interest in providing effective means of redress for its residents *(see, supra,* at 482-484). Thus, on the uncontested facts, valid in personam jurisdiction was acquired over defendant in Virginia.

Defendant's "fraud" argument is equally unavailing to defeat summary judgment. As previously described, the fraud on the Virginia court claimed by defendant consisted of plaintiff's depiction of the parties' transaction in her complaint as a loan rather than a joint venture. We fail to perceive how mispleading the legal conclusion that the parties' arrangement constituted a loan establishes any of the elements of fraud on the Virginia court. Clearly, as we have already shown, the Virginia court would, and legally could, have exercised jurisdiction under either plaintiff's or defendant's theory of the nature of the transaction. And defendant, had he chosen to defend the Virginia action, would have had a full opportunity to disprove the existence of a loan. Thus, defendant's aver-

ments of fraud are in reality nothing more than an attempt to reopen the merits of the Virginia action and do not constitute a legally sufficient basis to deny enforcement of the Virginia judgment in New York (see, Porisini v Petricca, 90 AD2d 949, 950).

Amended order and amended judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur.