■ FRANK VAIL et al., Respondents, v ROBERT CATALANO, Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant moved to dismiss the complaint on the ground that the process server had not exercised due diligence prior to resorting to substituted service. Supreme Court properly denied the motion. Three attempts to effect service during business hours at an address that was both defendant's residence and his place of business constituted due diligence, which authorized plaintiffs' utilization of the "affix and mail" method of service (CPLR 308 [4]; *see, Lembo & Sons v Robinson,* 99 AD2d 872, 873-874, *lv dismissed* 63 NY2d 675; *Velez v Springer,* 92 AD2d 610). (Appeal from order of Supreme Court, Erie County, Sedita, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.

■ MARGARET E. GORGONI, Appellant, · v EDWARD B. RAPSON, Also Known as E. B. RAPSON, Respondent.—Order unanimously affirmed without costs. Memorandum: The record fails to support appellant's contention that preaction discovery is necessary as an aid to bringing an action *(see,* CPLR 3102 [c]). There is no allegation or suggestion that anyone but the respondent engaged in any wrongful conduct, and the nature of potential causes of action is apparent from the allegations set forth in the moving papers. Preaction disclosure should not be permitted where, as here, the applicant has sufficient information to enable her to draft a complaint without the examination she seeks *(L-Tron Corp. v Davco Sys.,* 60 AD2d 25, 29). Under the circumstances, Supreme Court did not abuse its discretion in denying the application. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—preaction discovery.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.