■ SOLOMAN LIMITED, Respondent, v BIEDERMAN AND COMPANY, INC., Appellant.—Judgment of the Supreme Court, New York County (Leonard N. Cohen, J.), entered July 30, 1990, granting plaintiff judgment after a motion for summary judgment in lieu of complaint against defendant for the sum of $51,844.32 plus interest, costs and disbursements is unanimously affirmed, without costs.

Plaintiff moved for summary judgment in lieu of complaint under CPLR article 53 to enforce a default judgment which was obtained against the defendant in the United Kingdom. The action in the United Kingdom arose out of defendant's

order of goods from the plaintiff by a purchase order mailed to plaintiff in England from defendant's office in New York. Defendant maintains no office and does no business within the United Kingdom. The goods in question, made-to-order tinted monocles for use in an ale promotional campaign, were ordered in the course of a series of letters and telephone calls between the parties. In implementation of these plans, defendant's principal, while in London met with plaintiff's representatives for approximately one hour, during which time he viewed plaintiff's catalogues and selection of goods. While the content of this meeting is in dispute, however, several months later defendant ordered a quantity of the monocles before the defendant repudiated its purchase.

Defendant claims that the High Court of Justice, Queen's Bench Division, did not have personal jurisdiction to support the default judgment. However, based upon the totality of circumstances, it appears that comity may be afforded the judgment pursuant to CPLR article 53 *(see,* CPLR 5305 [b]). We find that there was a clear nexus between business transacted by defendant's representative in the United Kingdom and the cause of action based on the order of the specially manufactured goods. The contacts of the parties both before and after the business meeting with defendant's representative in London constitute purposeful activity sufficient to confer jurisdiction. *(See, McGowan v Smith,* 52 NY2d 268, 271-272.) Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.