■ ELEANOR SYMENOW, Respondent, v STATE STREET BANK AND TRUST COMPANY, Appellant. [665 NYS2d 141] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted defendant's motion to dismiss the complaint for lack of personal jurisdiction. The record establishes that defendant is a corporation chartered under the laws of the State of Massachusetts with its principal place of business in Boston. As custodian of the assets of the New England Fund Group, defendant is authorized to honor checks signed by shareholders of that group. Plaintiff, a resident of New York, is a shareholder in the New England Fund Group. Between January 1994 and September 1995, defendant allegedly honored fraudulent or forged checks withdrawing monies from plaintiff's investment in the New England Fund Group. Plaintiff commenced this action seeking to recover the sum of $53,612.77, the amount of the allegedly fraudulent or forged checks.

In support of its motion, defendant established that it does not maintain an office in the State of New York, has no employees in the State of New York and is not authorized to conduct business in the State of New York. Defendant also established that the New England Fund Group provided checks to plaintiff for her account and provided periodic statements of her account. Defendant held the assets of the New England Fund Group, not its shareholders. Additionally, there is no indication that defendant solicited customers in the State of New York. Under those circumstances, defendant was not engaged in a " 'continuous and systematic course of "doing business" ' " in New York to authorize its courts to exercise personal jurisdiction over defendant under CPLR 301 (McGowan v Smith, 52 NY2d 268, 272; see, Laufer v Ostrow, 55 NY2d 305, 310).

The court also lacks personal jurisdiction over defendant under CPLR 302 (a) (1), which permits long-arm jurisdiction over "any non-domiciliary * * * who in person or through an agent * * * transacts any business within the state". Defendant does not transact any business in the State of New York

and has no contract with plaintiff. Furthermore, all services provided by defendant on plaintiff's account occurred in the State of Massachusetts. Indeed, defendant's only contact with New York was in wiring money from the allegedly fraudulent or forged checks to designated parties in New York. The wiring of money into New York State is insufficient, by itself, to confer personal jurisdiction under CPLR 302 (a) (1) (*see, Continental Field Serv. Corp. v ITEC Intl.*, 894 F Supp 151, 154; *Colson Servs. Corp. v Bank of Baltimore*, 712 F Supp 28, 31; *cf., Black Riv. Assocs. v Newman*, 218 AD2d 273). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Dismiss Complaint.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.