■ Akran Yihye, Appellant, v Meilech Blumenberg, Respondent. [687 NYS2d 703] —In an action pursuant to CPLR 3213 for summary judgment in lieu of complaint based on a judgment entered in a foreign country, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated March 12, 1998, which denied his motion for summary judgment in lieu of complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment in American dollars.

The Supreme Court erred in dismissing the plaintiff's motion for summary judgment in lieu of complaint upon finding, *sua sponte*, that service pursuant to CPLR 308 (4) was improper. Generally, pursuant to CPLR 320 (b), an appearance by a defendant "is equivalent to personal service of the summons upon him" unless he moves to dismiss pursuant to CPLR 3211 (a) (8) or raises jurisdictional defenses (*see, Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Kroupova v Hill,* 242 AD2d 218). Here, the defendant, through counsel, executed a stipulation expressly appearing in the action. Thereafter, the defendant interposed papers in opposition to the plaintiff's motion for summary judgment in lieu of complaint, the functional equivalent of an answer in an action commenced pursuant to CPLR 3213. The defendant did not move to dismiss the action or

interpose any relevant jurisdictional defense based upon improper service. Thus, the defendant waived any objections to personal jurisdiction he might have otherwise asserted (*see, Matter of Fry v Village of Tarrytown, supra,* at 720; *Matter of Springs v Springs,* 234 AD2d 552) and therefore the court erred in dismissing the action on this basis (*see, Matter of Mandala v Jablonsky,* 242 AD2d 271, 272).

In any event, the summons and motion papers were properly served in accordance with the service provision of the accompanying order to show cause (*see, Rothkopf v Rothkopf,* 191 AD2d 685), and under the circumstances, we find that service was effectively made pursuant to CPLR 308 (4) (*see, Singh v Gold Coin Laundry Equip.,* 234 AD2d 358; *Lara v 1010 E. Tremont Realty Corp.,* 205 AD2d 468; *Matos v Knibbs,* 186 AD2d 725; *Hochhauser v Bungeroth,* 179 AD2d 431; *Vail v Catalano,* 166 AD2d 901).

Turning to the merits, we find that the plaintiff has demonstrated his entitlement to summary judgment in lieu of complaint and to have the foreign judgment he obtained against the defendant in the British High Court of Justice, Queen's Bench Division, enforced in this State pursuant to the provisions of CPLR article 53 (*see, Overseas Dev. Bank in Liquidation v Nothmann,* 64 NY2d 927; *Soloman Ltd. v Biederman & Co.,* 177 AD2d 350; *J.G. Mailaender Druckmaschinenfabrik, GmbH & Co., K.G. v Otto Isenschmid Corp.,* 88 AD2d 654).

The defendant's remaining contentions are without merit. S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.