OPINION OF THE COURT
Thomas V. Polizzi, J.
This action arises out of judgments rendered by the High Court of Justice, Queen’s Bench Division, England (hereinafter English Court), in litigation entitled Citadel Mgt. v Equal Ltd. (1998 C No. 798) in the amount of $40,100,000 plus interest at the rate of 8% per annum against defendant Johan Hertzog on August 5, 1998 and $5,000,000 plus interest at the rate of 8% per annum against defendant Telesis Trust Inc. (hereinafter Telesis) on October 14, 1998. By order of this court dated September 13, 1999 an application for an attachment and a motion for summary judgment in lieu of complaint were consolidated under index No. 11531/99.
Pursuant to CPLR article 53, a foreign country money judgment which is final and conclusive may be enforced in this State by a motion for summary judgment in lieu of complaint. (CPLR 5303.) Under the doctrine of comity, the New York courts will recognize the judgment provided it is based on *904 procedures compatible with our concepts of due process, by tribunals which are fair and impartial, and when personal jurisdiction is obtained over the defendant. (CPLR 5304 [a] [1], [2]; see, Bridgeway Corp. v Citibank, 45 F Supp 2d 276; Gre-schler v Greschler, 51 NY2d 368.)
Defendant Hertzog appeared in the English case by filing an acknowledgment of service of the writ of summons with the High Court of Justice on May 21, 1998, by his solicitors Thomson & Co. giving notice of his intention to defend the claim. Thereafter, John Wilson Thomson, Hertzog’s solicitor, and a defendant in the English case, was subject to a contempt proceeding which resulted in the shutting down of his office and the seizure of his files by the Office for the Supervision of Solicitors. Mr. Hertzog alleges that he was unaware of these events as well as the service of the statement of claim on July 22, 1998 on Thomson’s office which required a response within 14 days. A default judgment was entered on August 5, 1998.
Under CPLR 5305 (a) (2), a defendant’s voluntary appearance in a foreign proceeding constitutes a submission to jurisdiction and removes any jurisdictional barrier to granting recognition to the foreign country judgment mandated by CPLR 5304 (a) (2). Jurisdiction was clearly obtained over Hertzog upon the filing of the acknowledgment of service. Inasmuch as the English courts have traditionally been viewed as in compliance with our standards of due process under a system which provides impartial tribunals, this judgment is conclusive and no mandatory basis for nonrecognition has been presented. (See, Dynamic Cassette Intl. v Lopez & Assocs., 923 F Supp 8; Yihye v Blumenberg, 260 AD2d 371; Soloman Ltd. v Biederman & Co., 177 AD2d 350; Overseas Dev. Bank in Liquidation v Nothmann, 115 AD2d 719.)
Hertzog’s assertions that discretionary grounds for nonrecognition exist under CPLR 5304 (b) (2) and (4) due to the premature entry of the default judgment and the manner in which the statement of claim was served are also without merit. While it is conceded that the August 5th judgment was entered one day early, the service of the statement of claim on Hertzog’s solicitor of record appears to be in conformance with the rules of the English Court existing at that time. (Order 67 of Rules of Sup Ct 1965.) Although in the opinion of Mr. Hert-zog’s expert, Thomas Coates, a licensed solicitor in the Supreme Court of England and Wales, that these irregularities would result in the English Court setting aside the judgment, it is clear that Hertzog has to date made no attempt to vacate the *905 judgment on the basis of any irregularity or so-called “sharp practice” involved in the entry of a default under the facts described. (See, Colonial Bank v Worms, 550 F Supp 55.) Under these circumstances this court declines to exercise its discretionary authority and refuse recognition.
Accordingly, summary judgment is awarded to plaintiff against defendant Hertzog in the amount of $40,100,000 plus interest at the rate of 8% per annum.
This court will next address the Telesis default judgment. Telesis is a Delaware corporation with its principal place of business in California. On July 9, 1998 the English Court granted joinder of Telesis in that litigation and provided for service by mail which was posted on August 28, 1998 to the corporation’s address in California. A default judgment was entered on October 14, 1998. As stated by defendant Hertzog, the President and Chief Executive Officer of Telesis, the corporation does not maintain a place of business in England and has never engaged in business in England. Hertzog acknowledges that Telesis was the recipient of funds wired from England to its New York bank account for the alleged purpose of purchasing paintings as security for the underlying contract that is the subject of the English litigation.
Unlike the judgment entered against Hertzog, personal jurisdiction was not obtained over Telesis under any of the grounds set forth in CPLR 5305 (a). While CPLR 5305 (a) (5) provides a basis for jurisdiction similar to that of CPLR 302 (a) (1), the requirement that a defendant have a business office in the foreign State and that the cause of action arise out of business done by defendant through that office is indicative of the stricter conditions imposed on foreign judgments which are premised on long-arm jurisdiction. (11 Weinstein-Korn-Miller, NY Civ Prac ¶ 5305.02.) Under the proper circumstances, however, jurisdiction may be upheld under CPLR 5305 (b). (Canadian Imperial Bank of Commerce v Saxony Carpet Co., 899 F Supp 1248, affd 104 F3d 352.)
Plaintiff asserts Telesis had a clear presence in England, citing corporate activities in 1997 which pertain to a separate and distinct contract between plaintiff and Telesis executed on July 1, 1997. These transactions have no articulable nexus with the underlying English judgment and, as such, do not constitute acts arising from the transaction of business which would constitute a predicate for jurisdiction under CPLR 302 (a) (1). (See, McGowan v Smith, 52 NY2d 268.) Hertzog’s individual activities, or those in his capacity as a director of Equal *906 Ltd. that took place in England cannot be attributed to Telesis, an entity that was not a party to the subject agreement. Hertzog’s solitary act of having funds wired from England into a Telesis account in New York is insufficient purposeful activity to confer personal jurisdiction over Telesis (see, Continental Field Serv. Corp. v ITEC Intl., 894 F Supp 151; Symenow v State St. Bank & Trust Co., 244 AD2d 880) nor does the characterization of this single event as tortious conduct under the provisions of CPLR 302 (a) (2) or (3) warrant invoking the discretionary provision of CPLR 5305 (b).
Accordingly, summary judgment is granted in favor of Tele-sis dismissing the action to enforce the foreign country judgment.
The remaining issue presented is plaintiffs request for attachment. In view of the foregoing, plaintiff has sufficiently established specific grounds for attachment against Hertzog, the probability of success on the merits as well as the absence of any counterclaims. (CPLR 6212 [a]; Ford Motor Credit Co. v Hickey Ford Sales, 62 NY2d 291; Mineola Ford Sales v Rapp, 242 AD2d 371.)
Accordingly, an order of attachment is granted in the amount of $40,100,000 plus 8% per annum against defendant Hertzog. Plaintiff shall file an undertaking in accordance with CPLR 6212 (b), which amount shall be fixed in the order to be entered hereon. Upon settlement of this order the parties may submit proof and recommendations as to the amount of the undertaking.
All other requests for relief are denied.