█ NIAGARA MOHAWK ENERGY MARKETING, INC., Appellant, v ENTERGY POWER MARKETING CORPORATION, Respondent. [706 NYS2d 794] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted defendant's motion to dismiss the complaint for lack of in personam jurisdiction. The record establishes that plaintiff is a corporation with its principal place of business in Onondaga County, New York, and defendant is a corporation chartered under the laws of the State of Delaware with its principal offices in the State of Texas. Both parties are participants in the wholesale electrical power market. The complaint alleges that in late 1997 defendant entered into an agreement with The Power Company of America (PCA) to deliver 50 megawatts (MW) of power to PCA in a Midwest market in July and August 1988. PCA also entered into a contract to deliver 50 MW of power to plaintiff in the Midwest during the same time period. Plaintiff had also entered into a contract to deliver 50 MW of power to Enron

Power Marketing, Inc. (Enron) in the Midwest during the same period. In the summer of 1998, defendant canceled its agreement with PCA, which in turn was unable to comply with its contract with plaintiff. Because of PCA's failure, plaintiff was forced to purchase power from another source to comply with its contract with Enron, thereby incurring additional costs of over $6,000,000. Plaintiff seeks to recover that sum from defendant, asserting causes of action for tortious interference with contract, fraud and misrepresentation, unjust enrichment, promissory estoppel and breach of the "book-out" agreement among the various power marketers for power based on defendant's refusal to deliver the power to PCA.

In support of the motion, defendant established that it has no offices or employees in New York, owns no property in New York, pays no taxes in New York and is not authorized to do business in New York. Additionally, defendant does not sell power to be delivered in New York and buys no power that it receives in New York. Although defendant enters into contracts with New York companies to provide or to deliver power outside New York, those contracts represent a minimal amount of defendant's total nationwide sales and purchase of power for 1997 and 1998. Under those circumstances, defendant was not continuously and systematically doing business in New York to authorize the courts of New York to exercise personal jurisdiction over it under CPLR 301 (*see, McGowan v Smith*, 52 NY2d 268, 272; *Holness v Maritime Overseas Corp.*, 251 AD2d 220, 222-223; *Symenow v State St. Bank & Trust Co.*, 244 AD2d 880).

Additionally, jurisdiction may not be predicated on CPLR 302 (a) (1), which permits long-arm personal jurisdiction over "any non-domiciliary * * * who in person or through an agent * * * transacts any business within the state", because that section provides a basis for jurisdiction only where the cause of action arises out of the New York transaction (*see, Holness v Maritime Overseas Corp., supra*, at 224). Here, there was no New York transaction out of which any of the causes of action arise; here, defendant had no contract with plaintiff to deliver power to it. Moreover, plaintiff's calls to defendant's Texas office in the summer of 1998 in an attempt to obtain the 50 MW of power from defendant are insufficient to establish a basis for the exercise of personal jurisdiction (*see, Professional Personnel Mgt. Corp. v Southwest Med. Assocs.*, 216 AD2d 958). Finally, jurisdiction over defendant may not be predicated on CPLR 302 (a) (3) because defendant does not sell power in New York, receive power in New York or otherwise engage in sufficient

purposeful activities either in New York or directed at New York to satisfy due process requirements (*see generally, Asahi Metal Indus. Co. v Superior Ct.,* 480 US 102, 108-109; *Burger King Corp. v Rudzewicz,* 471 US 462, 474-475; *World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 291-292). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.