[750 NYS2d 331]

WIMMER CANADA, INC., Respondent, v ABELE TRACTOR & EQUIPMENT COMPANY, INC., Appellant.

Third Department, October 31, 2002

## APPEARANCES OF COUNSEL

*Mandel, Clemente & Associates, P.C.,* Albany (*Linda A. Mandel Clemente* of counsel), for appellant.

*Law Office of Morris D. Weintraub,* New York City (*Janice B. Weintraub* of counsel), for respondent.

## OPINION OF THE COURT

SPAIN, J.

Plaintiff is a Canadian corporation with its principal offices located in Quebec and it is engaged in the business of manufacturing, distributing and servicing heavy construction equipment, parts and materials. Plaintiff instituted this action to enforce a judgment of the Superior Court, Province of Quebec, pursuant to CPLR article 53, this state's codification of the Uniform Foreign Country Money-Judgments Recognition Act (*see* CPLR 5301, 5303, 5309). Plaintiff obtained the Canadian default judgment against defendant, a New York corporation which maintains offices in Albany County and is engaged in the retail business of selling and servicing heavy machines and parts. The Canadian court judgment was for the sum certain of $67,908.58 in Canadian dollars (United States equivalent of $45,843.91). Plaintiff moved for summary judgment (*see* CPLR 5303), which defendant opposed arguing that recognition was precluded as the Quebec court lacked personal jurisdiction over it (*see* CPLR 5304 [a] [2]), and that recognition should be denied as well because subject matter jurisdiction was lacking (*see* CPLR 5304 [b] [1]) and Quebec was an inconvenient forum (*see* CPLR 5304 [b] [7]). In a well-reasoned decision, Supreme Court rejected defendant's objections to comity and granted plaintiff's motion ruling, among other things, that pursuant to CPLR 5305 (b), the Quebec court had personal jurisdiction over defendant, and awarded plaintiff the sum of $45,843.91 (United States dollars) plus interest. On defendant's appeal, we affirm.

As a matter of international comity, CPLR article 53 accords recognition by this state to a final foreign country judgment (*see* CPLR 5303), which grants or denies the payment of a sum of money (*see* CPLR 5301 [b]; 5303) provided the foreign court had personal jurisdiction over the judgment debtor defendant and the judgment was rendered by a system that provides an impartial tribunal that utilizes procedures compatible with due process (*see* CPLR 5304 [a]; *see also Hilton v Guyot,* 159 US 113, 163-164; *CIBC Mellon Trust Co. v Mora Hotel Corp.,* 296 AD2d 81, 87-99; *S.C. Chimexim S.A. v Velco Enters. Ltd.,* 36 F

Supp 2d 206, 211-212). As the proponent, plaintiff bears the burden of making a prima facie showing that the mandatory grounds for nonrecognition—i.e., due process and personal jurisdiction—do not exist (*see* CPLR 5304 [a]) and that CPLR article 53 requirements are satisfied (*see* CPLR 5302; *CIBC Mellon Trust Co. v Mora Hotel Corp., supra*; *Ackermann v Levine*, 788 F2d 830, 842 n 12, citing *Hilton v Guyot, supra*). CPLR article 53 also provides additional grounds upon which recognition of foreign judgments may be denied, including the foreign court's lack of subject matter jurisdiction and inconvenience as a forum (*see* CPLR 5304 [b]).

Initially, defendant does not challenge the partiality or procedural fairness of the Canadian judicial system (*see* CPLR 5304 [a] [1]), recognized as "a [sibling] common law jurisdiction with procedures akin to our own" (*Clarkson Co., Ltd. v Shaheen*, 544 F2d 624, 630 [2d Cir 1976]; *see Canadian Imperial Bank of Commerce v Saxony Carpet Co., Inc.*, 899 F Supp 1248, 1252, *affd* 104 F3d 352; *Lenchyshyn v Pelko Elec.*, 281 AD2d 42, 46-47; *Constandinou v Constandinou*, 265 AD2d 890). Rather, defendant's primary challenge is that the Quebec court did not have personal jurisdiction over it since it did not appear in the Canadian action, maintains no offices in Canada and did not transact any business there. CPLR 5305 (a) sets forth a nonexclusive list of bases which are deemed adequate for the foreign court's exercise of in personam jurisdiction over the judgment debtor. While clearly none of the bases listed in CPLR 5305 (a) are applicable here, subdivision (b) contains a broad catchall provision which provides that "[t]he courts of this state may recognize other bases of jurisdiction" (CPLR 5305 [b]). Although this Court has not previously had occasion to apply this provision, we concur that as a general rule, it will be "appropriate for New York to recognize for a foreign judgment, under * * * CPLR 5305 [(b)], any jurisdictional basis it recognizes in its internal law" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5305:1, at 556; *accord CIBC Mellon Trust Co. v Mora Hotel Corp., supra* at 95-97; *Porisini v Petricca*, 90 AD2d 949, 950; *Canadian Imperial Bank of Commerce v Saxony Carpet Co., Inc., supra* at 1252-1253; *see also* Silberman, *Enforcement and Recognition of Foreign Country Judgments in the United States*, 670 PLI/Lit 429 [March 2002]; Restatement [Third] of Foreign Relations Law §§ 481, 482).

Viewing the totality of circumstances, we find that the Quebec court had a valid basis for exercising personal jurisdic-

tion over defendant as defendant purposefully transacted business in Quebec within the meaning of this state's long-arm jurisdictional statute (see CPLR 302 [a] [1]; 5304 [a] [2]; 5305 [b]). Also, there was a direct nexus between the business transacted in Canada and plaintiff's Canadian cause of action, which was based upon defendant's failure to pay on the two lines of credit that plaintiff extended to defendant in Canada (see McGowan v Smith, 52 NY2d 268, 271-272; Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 456-457, cert denied sub nom. Estwing Mfg. Co., Inc. v Singer, 382 US 905; Dolec Consultants v Lancer Litho Packaging Corp., 245 AD2d 415; Soloman Ltd. v Biederman & Co., 177 AD2d 350; cf. Citadel Mgt. v Hertzog, 182 Misc 2d 902, 905-906). In this regard, the evidence submitted by plaintiff to the Quebec court showed that between April 1998 and January 1999, the parties had an ongoing business relationship by means of international communication systems involving numerous transactions in which defendant placed orders for machinery and equipment by sending purchase orders to plaintiff via telephone calls, mailing and faxes. In addition, defendant delivered the machinery/equipment to plaintiff and made repairs on them and, at defendant's request, plaintiff extended two lines of credit to defendant in Quebec to facilitate upcoming transactions which, in combination, constituted purposefully transacting business in Quebec (see CPLR 302 [a] [1]; 5305 [b]; Parke-Bernet Galleries v Franklyn, 26 NY2d 13, 16; Camel Invs. v Transocean Capital [Bermuda], 195 AD2d 533; Soloman Ltd. v Biederman & Co., supra; Canadian Imperial Bank of Commerce v Saxony Carpet Co., Inc., 899 F Supp 1248, 1253, supra; see also Ehrlich-Bober & Co. v University of Houston, 49 NY2d 574; Thorpe v McCaffrey, 157 AD2d 879).

Contrary to defendant's contentions, it was not necessary that plaintiff show that the contract was executed in Canada* where plaintiff demonstrated that defendant engaged in other sufficient purposeful activity in Canada preceding and following the making of the contract (see Longines-Wittnauer Watch Co. v Barnes & Reinecke, supra at 452). Courts have long eschewed the need for a defendant's actual physical presence in Canada at the time of the transactions to confer in personam jurisdiction (see International Shoe Co. v Washington, 326 US 310, 315; Parke-Bernet Galleries v Franklyn, supra at 13, 17-18;

---

* While the parties debate where the final act necessary to the creation of the contract occurred, the proof presented to the Canadian court did not resolve that issue.

*see also McGee v International Life Ins. Co.*, 355 US 220; *Kreutter v McFadden Oil Corp.*, 71 NY2d 460; *Camel Invs. v Transocean Capital [Bermuda], supra*).

The circumstances of each case as a whole must necessarily be examined in evaluating whether the foreign court had in personam jurisdiction over the judgment debtor and, accordingly, we find no error in Supreme Court's reliance, in part, upon the analysis of the District Court in *Canadian Imperial Bank of Commerce v Saxony Carpet Co., Inc. (supra)*, notwithstanding that the judgment debtor in that case had sent agents to Canada at one point. Further, defendant was served process on December 21, 1999 at its offices in Albany County and, while it objected to the jurisdiction of the Canadian court by sending a letter to plaintiff's counsel in Canada, defendant failed to avail itself of the opportunity to formally challenge jurisdiction and to otherwise defend the Canadian suit despite sufficient advance notice (*see* CPLR 5304 [b] [2]). Under the circumstances of this case, we conclude that the Quebec court's exercise of jurisdiction does not violate principles of due process (*see Thorpe v McCaffrey*, 157 AD2d 879, 880-881, *supra*; *see also Burger King Corp. v Rudzewicz*, 471 US 462, 471-476; *LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210) and, "[h]aving defaulted, * * * defendant may not now challenge the merits of plaintiff['s] claims collaterally" (*Porisini v Petricca*, 90 AD2d 949, 949, *supra*; *see Constandinou v Constandinou*, 265 AD2d 890, *supra*).

Defendant's claim that the contract was finalized in New York and, thus, the Canadian court lacked subject matter jurisdiction relies on the misconception that plaintiff's Canadian judgment was premised on a breach of contract claim. In fact, plaintiff's action was to collect on accounts receivable based on defendant's failure to pay on two lines of credit that plaintiff opened in Canada at defendant's request. Thus, Supreme Court did not err in crediting the unrefuted affidavit submitted by plaintiff's Canadian counsel establishing that, under the laws of Canada, the Canadian court had subject matter jurisdiction over plaintiff's action (*see* CPLR 5304 [b] [1]; *Canadian Imperial Bank of Commerce v Saxony Carpet Co., Inc.*, 899 F Supp 1248, 1253-1254, *supra*).

Finally, we perceive no abuse of discretion in Supreme Court's conclusion that defendant failed to demonstrate that the Canadian court was "a seriously inconvenient forum for the trial of the action" (CPLR 5304 [b] [7]; *see National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005,

1007, *cert denied* 489 US 1067; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479, *cert denied* 469 US 1108), a discretionary basis for nonrecognition of a foreign court judgment which should generally not be invoked "unless New York in an analogous situation would have dismissed the case under its own forum non conveniens doctrine" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5304:1, at 551; *see* CPLR 327). In view of the substantial nexus to Quebec of plaintiff's claim related to defendant's nonpayment of its obligations on its Canadian lines of credit extended by plaintiff, defendant's opposition to recognizing the foreign judgment on this ground was properly rejected (*see Markov v Markov*, 274 AD2d 870, 871; *Camel Invs. v Transocean Capital [Bermuda]*, 195 AD2d 533, 534, *supra*; *cf. 3H Enters. v Bennett*, 276 AD2d 965, 966-967, *lv denied* 96 NY2d 710).

CARDONA, P.J., PETERS, CARPINELLO and ROSE, JJ., concur.

Ordered that the judgment is affirmed, without costs.