Regional Municipality of York v LeBlanc (2022 NY Slip Op 04236)

Regional Municipality of York v LeBlanc

2022 NY Slip Op 04236

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

194 CA 21-00485

[*1]THE REGIONAL MUNICIPALITY OF YORK, PLAINTIFF-RESPONDENT,
v
JEFFREY J. LEBLANC, DEFENDANT-APPELLANT. ET AL., DEFENDANTS. 

HARRIS BEACH PLLC, PITTSFORD (ANNA MAE PATTON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WOODS OVIATT GILMAN LLP, ROCHESTER (JOHN C. NUTTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered December 18, 2020. The judgment granted the motion of plaintiff for summary judgment in lieu of complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recognize a foreign judgment entered in a Canadian court, i.e., the Ontario Superior Court of Justice, Jeffrey J. LeBlanc (defendant) appeals from a judgment of Supreme Court that granted plaintiff's motion for summary judgment in lieu of complaint and awarded plaintiff a money judgment against defendants.
Defendant contends that, pursuant to CPLR former 5304 (a), the court erred in granting plaintiff's motion because the Canadian court did not acquire personal jurisdiction over defendant and the Canadian court's exercise of personal jurisdiction over him failed to comport with New York's due process requirements. We reject that contention. "New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign courts" (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 221 [2003], cert denied 540 US 948 [2003]). CPLR former article 53 applied to any foreign country judgment that was "final, conclusive and enforceable" where rendered (CPLR former 5302), and "a foreign country judgment is considered 'conclusive between the parties to the extent that it grants or denies recovery of a sum of money' " (CIBC Mellon Trust Co., 100 NY2d at 221, quoting CPLR former 5303). "CPLR [former] 5304 (a), however, makes clear that a foreign judgment is 'not conclusive,' and thus not entitled to recognition, where the foreign country fails to provide impartial tribunals or due process or where the tribunal lacked personal jurisdiction over the defendant" (Byblos Bank Europe, S.A. v Sekerbank Turk Anonym Syrketi, 10 NY3d 243, 248 [2008]).
Contrary to defendant's contention, "[t]he Ontario Superior Court of Justice is part of a judicial system that provides impartial tribunals and procedures compatible with due process of law" (Gemstar Can., Inc. v George A. Fuller Co., Inc., 127 AD3d 689, 690 [2d Dept 2015]). Moreover, CPLR former 5305 (a) (2) provides, in relevant part, that a foreign country judgment may "not be refused recognition for lack of personal jurisdiction if . . . the defendant voluntarily appeared in the [foreign court] proceeding[], other than for the purpose of protecting property seized or threatened with seizure in the proceeding[] or of contesting the jurisdiction of the court" over him or her. Here, the foreign judgment may not be refused recognition for lack of personal jurisdiction inasmuch as defendant does not contend that he was protecting property seized or threatened with seizure, and plaintiff established that defendant "voluntarily appeared" [*2]in the Canadian action (CPLR former 5305 [a] [2]) and "did more than [he] had to do to preserve a jurisdictional objection" (CIBC Mellon Trust Co., 100 NY2d at 225; see Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5305:1).
Defendant further contends that the discretionary grounds for nonrecognition of a foreign country judgment in CPLR former 5304 (b) weigh in his favor. Again, we reject that contention. As relevant here, CPLR former 5304 (b) (4) and (7) provided that "[a] foreign country judgment need not be recognized if . . . the cause of action on which the judgment is based is repugnant to the public policy of this state; [or] . . . in the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action." "[F]oreign judgments generally should be upheld unless enforcement would result in the recognition of 'a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense' " (Greschler v Greschler, 51 NY2d 368, 377 [1980], quoting Intercontinental Hotels Corp. [Puerto Rico] v Golden, 15 NY2d 9, 13 [1964]; see Flisfeder v Jardine, 300 AD2d 1132, 1132 [4th Dept 2002]). A defendant opposing the recognition of a foreign judgment "bear[s] the burden of proving these discretionary grounds for nonrecognition" (CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 101 [1st Dept 2002], affd 100 NY2d 215 [2003], cert denied 540 US 948 [2003]).
Here, there is nothing "inherently vicious, wicked or immoral, [or] shocking to the prevailing moral sense" (Greschler, 51 NY2d at 377) about plaintiff's foreign action against defendant (see generally Sung Hwan Co., Ltd. v Rite Aid Corp., 7 NY3d 78, 85 [2006]; Loucks v Standard Oil Co. of N.Y., 224 NY 99, 110-111 [1918]). To the extent that defendant seeks to challenge the merits of the Canadian court's determination, we note that, "[h]aving defaulted [in the foreign action,] defendant may not now challenge the merits of plaintiff['s] claims collaterally" (Porisini v Petricca, 90 AD2d 949, 949 [4th Dept 1982]; see Constandinou v Constandinou [appeal No. 1], 265 AD2d 890, 890 [4th Dept 1999]).
Additionally, Supreme Court did not abuse its discretion in determining that defendant failed to establish that the Canadian court was "a seriously inconvenient forum for the trial of the action" (CPLR former 5304 [b] [7]; see Wimmer Can. v Abele Tractor & Equip. Co., 299 AD2d 47, 51 [3d Dept 2002], lv denied 99 NY2d 507 [2003]). As noted above, the record establishes that jurisdiction over defendant was obtained based not "only on personal service" (CPLR former 5304 [b] [7]), but also through defendant's voluntary appearance (see generally CIBC Mellon Trust Co., 296 AD2d at 101). Further, "a discretionary basis for nonrecognition of a foreign court judgment
. . . should generally not be invoked 'unless New York in an analogous situation would have dismissed the case under its own forum non conveniens doctrine' " (Wimmer Can., 299 AD2d at 52; see Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5304:3; see generally CPLR 327) and, in view of the substantial nexus to Ontario of plaintiff's allegations in the foreign action that defendant is liable for, inter alia, breach of contract and fraud, "defendant's opposition to recognizing the foreign judgment on this ground was properly rejected" (Wimmer Can., 299 AD2d at 52).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court