■ SUSAN ARANOFF, Respondent, v GERALD ARANOFF, Appellant. [642 NYS2d 49] —In a separation action, the defendant husband appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Rigler, J.), dated July 22, 1994, as denied his motion to amend his answer to add as an additional affirmative defense that the issues in the separation action had been conclusively determined in a divorce decree issued by a Rabbinical Court of the State of

Israel, and (2) an order of the same court, dated August 29, 1994, as denied his motion to vacate a prior pendente lite order of the same court, dated February 1, 1994, which, *inter alia,* had enjoined the transfer of his pension.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The wife, Susan Aranoff, and the husband, Gerald Aranoff, were married in 1969 and have six children. In July 1991, the wife commenced this separation action after the husband had left the United States to settle permanently in the State of Israel. In the separation action, the wife seeks, *inter alia,* support for the minor children. During the pendency of the separation action in New York, on February 17, 1993, a Rabbinical Court in the State of Israel issued a divorce decree.

The husband contends that the Supreme Court erred in denying his motion to amend his answer so as to assert, as an affirmative defense, that the Israeli divorce had conclusively determined the issues now before the New York court. It is well settled that "[a]lthough not required to do so, the courts of this State generally will accord recognition to the judgments rendered in a foreign country under the doctrine of comity which is the equivalent of full faith and credit given by the courts to judgments of our sister States" (*Greschler v Greschler,* 51 NY2d 368, 376). However, in order for a divorce decree of a foreign court to be accorded recognition in this State, the foreign court must have had in personam jurisdiction over both spouses (*see, Greschler v Greschler, supra,* at 376). Here, the record does not establish that the Rabbinical Court in Jerusalem had jurisdiction over the wife. Further, even if the divorce decree of the Jerusalem Rabbinical Court were entitled to full faith and credit under the doctrine of comity, New York courts would nevertheless retain jurisdiction over subsidiary issues such as child support (*see, Bennett v Bennett,* 103 AD2d 816, 817). As such, the Supreme Court was correct in not extending comity as to the child support issues and, accordingly, in denying the husband's motion to amend his answer.

We find the husband's remaining contentions to be either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.