In the Matter of AMY L. P., Respondent, v WILLIAM W. D., Appellant. [689 NYS2d 797] —Order unanimously reversed on the law without costs and petition granted. Memorandum: Family Court erred in denying respondent's petition to vacate

the registration of a foreign support order contained in a North Carolina judgment of divorce. The parties stipulated that they were married in New York State in 1974 and continued to reside there until 1982. In 1982 petitioner and the parties' four children moved to North Carolina. Respondent continued to live in New York and "[a]t no time did [he] take up residence in the State of North Carolina or have any other physical contact with the State of North Carolina." In 1983 petitioner commenced an action for divorce in North Carolina. Petitioner served respondent with a summons and complaint in that action in New York by registered mail. Respondent did not appear in that action.

On December 9, 1983, a North Carolina court granted petitioner a judgment of absolute divorce. The judgment required that respondent pay petitioner support for the four infant issue of the marriage in the sum of $40 per week, "as has been previously ordered by the Courts of the State of New York." That support order was granted as a result of a 1982 Uniform Reciprocal Enforcement of Support Act ([URESA] Domestic Relations Law former art 3-A) proceeding initiated in North Carolina and heard in Erie County Family Court. Family Court's support order was conditioned on respondent having visitation with the children during the summer months. In subsequent URESA proceedings, Family Court relieved respondent of his support obligation because petitioner refused to give him visitation.

In 1996 petitioner registered the North Carolina judgment in Allegany County Family Court. Upon receiving notice of the registration, respondent duly filed a petition to vacate the registration. The primary issue litigated in Family Court was whether North Carolina lacked personal jurisdiction over respondent. Family Court rejected respondent's contention that the registration of the foreign support order should be vacated for lack of personal jurisdiction. We reverse.

In order for the support provisions of the North Carolina judgment to be enforceable, the North Carolina court had to have jurisdiction over the person of respondent (*see, Kulko v Superior Ct.*, 436 US 84, 91, *reh denied* 438 US 908). Personal jurisdiction requires reasonable notice to respondent of the action and "a sufficient connection between the [respondent] and the forum State to make it fair to require defense of the action in the forum" (*Kulko v Superior Ct., supra*, at 91). Here, respondent was not personally served in North Carolina and never appeared in petitioner's divorce action. More importantly, the parties stipulated that respondent never resided in North

Carolina and had no other physical contact with that State. Because the North Carolina court did not obtain personal jurisdiction over respondent, the petition to vacate the registration in New York of the support order contained in the North Carolina judgment should have been granted (*see,* Domestic Relations Law former § 37-a [6]; *Matter of Herrmann v Herrmann,* 198 AD2d 761, 762; *see generally, Kulko v Superior Ct., supra*). (Appeal from Order of Allegany County Family Court, Feeman Jr., J.—Support.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.