■ SOCIETY OF LLOYD'S, Respondent, v LORRAINE G. GRACE et al., Appellants. [718 NYS2d 327] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered November 29, 1999, which, upon the prior grant of plaintiff's motion for summary judgment in lieu of complaint to enforce final judgments entered by the High Court of Justice, Queens Bench Division (London, England) against defendants in the amounts of UK £206,685.37 and UK £269,293.70, awarded plaintiff the total sum of $883,951.15, unanimously affirmed, with costs.

While defendants maintain that the English courts, in rendering the judgments upon which plaintiff now predicates its right of recovery, deprived them of property without due process, the record indicates that they were afforded notice and an opportunity to be heard in the underlying English action and, accordingly, that the basic requisites of due process were met (*see, United States v James Daniel Good Real Prop.*, 510 US 43, 48-49). Moreover, in light of the extensive proceedings held in England before final judgment was entered against defendants, defendants cannot viably argue that they were deprived of a meaningful hearing.

Even if we were to find, however, that defendants were deprived of a meaningful pre-deprivation hearing because the English court, in accordance with the terms of underwriting agreements held to be binding on Lloyd's underwriters such as defendants (who, along with other individual underwriters, are referred to as "Names"), entered summary judgment without allowing defendants to present their fraud claim or challenge the amount sought by Lloyd's, we would nonetheless find the judgments enforceable since defendants have effective and viable remedies in the English courts, which have already awarded substantial judgments to other Names (*see, Richards v Lloyd's of London*, 135 F3d 1289, 1296, *cert denied* 525 US 943). Indeed, the contention that available English remedies are not an adequate substitute for the protections provided by American securities law has been considered and persuasively rejected in *Roby v Corporation of Lloyd's* (996 F2d 1353, 1365-1366, *cert denied* 510 US 945), in which the court noted that American Names have several adequate remedies in England to vindicate their substantive rights.

Accordingly, since the underlying English judgments are procedurally sound and do not violate any public policy of New York or the United States, they are entitled to comity (*see, Greschler v Greschler*, 51 NY2d 368, 377). Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.