Society of Lloyd's v. Carter, et al.   CV-02-452-M    03/14/03
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


The Society of Lloyd's,
      Plaintiffs

      v.                                     Civil No. 02-452-M
                                             Opinion No. 2003 DNH 040
Julie Macauley Carter and
John Avery Carter,
      Defendants


**O R D E R**


     The Society of Lloyd's ("Lloyd's") seeks to enforce a money

judgment entered by an English court against Julie and John

Carter (collectively "the Carters").   The operative complaint in

this case is Lloyd's First Amended Complaint to Recognize and

Enforce Foreign Money-Judgments (document no. 13).   Lloyd's also

seeks to attach New Hampshire real estate owned by the Carters.[1]

Before the court are the Carters' request to transfer venue under

28 U.S.C. § 1404(a) (contained in document no. 7) and the

Carters' Motion to Dismiss Amended Complaint and Petition for

---

[1] That real estate is described in the petition to attach as
"any real property located in Hillsborough County, including 12
Bartlett Street, Nashua, New Hampshire."

Attachment due to Improper Venue (document no. 14).[2]  Lloyd's

objects.  For the reasons given below, the Carters' motion to

dismiss and their request for transfer are both denied.


## Background

While resident in New Hampshire, the Carters became members

of the Society of Lloyd's, customarily referred to as "Names."

As Names, they agreed to underwrite certain insurance

obligations,[3] on which they ultimately defaulted.  In an attempt

to recover, Lloyd's filed suit against the Carters in the English

High Court of Justice, Queens's Bench Division, Commercial

Court.[4]  The writs of summons listed the Carters' address as "14

Bartlett Street, Nashua, 03060, New Hampshire, U S A," and both

of the Carters were duly served.  After suit was filed, but

before judgments were entered on October 13, 1999, the Carters

---

[2] Because Lloyd's has filed an amended complaint, the
Carters' motion to dismiss the original complaint due to improper
venue (document no. 10) is moot.

[3] Mr. Carter's agreement was executed on October 23, 1986,
Ms. Carter's on January 1, 1987.

[4] Both actions appear to have been filed on November 18,
1996, and, in any event, both bear 1996 "Folio" numbers, which
the court takes to be the equivalent of case or docket numbers,
indicating the year of filing.

moved from Nashua to Florida.[5]  This suit is brought to enforce the foreign judgment entered by the English court.

Lloyd's first attempted to serve the Carters at their Nashua address.  The Carters challenged that service, and Lloyd's subsequently obtained service upon them in Florida, under New Hampshire's long-arm statute, N.H. Rev. Stat. Ann. § 510:4. Accordingly, the Carters' motion to dismiss challenging service (document no. 7), is moot.  That motion to dismiss also sought, alternatively, transfer of venue under 28 U.S.C. § 1404(a). Thus, the only issues before the court are presented in the Carters' second motion to dismiss for improper venue (document no. 14), filed in response to Lloyd's amended complaint, and the alternative request for a change in venue (document no. 7).

---

[5] In affidavits filed along with their request to transfer this case to the Southern District of Florida, the Carters state that they moved to Florida in 1998.  In February 1998, they filed for Chapter 11 bankruptcy protection in the Southern District of Florida.  (First Amended Compl. ¶ 22.)  In response to the Florida bankruptcy filing, Lloyd's stayed its action in the English court until February 1999, when the Bankruptcy Court dismissed the Carters' petition, on Lloyd's' application.  (Id.)

3

**Discussion**

As noted, the Carters move to dismiss the amended complaint due to improper venue. See 28 U.S.C. § 1406. However, § 1406 provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b). And, "[a] defense of . . . improper venue . . . is waived . . . if omitted from a motion in the circumstances described in subdivision (g) . . . ." FED. R. CIV. P. 12(h)(1)(A). Subdivision (g), in turn, provides:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted . . . .

FED. R. CIV. P. 12(g). In other words, "[i]f a defendant interposes a pre-answer motion that fails to object to venue . . . he effectively has waived his right to obtain a dismissal on the ground of lack of venue." Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund, 967 F.2d 688, 692 (1st Cir. 1992) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R.

4

MILLER, FEDERAL PRACTICE AND PROCEDURE § 1352 at 273-74 (2d ed. 1990) (footnotes omitted)). Finally, "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to amendment . . . ." 5A WRIGHT & MILLER § 1388 (citations omitted).

Here, the Carters filed a Rule 12 motion on November 18, 2002, which also requested a transfer of venue, under § 1404, but they did not challenge venue as improper. They challenged venue in a second Rule 12 motion filed on January 6, 2003. Because venue is a personal privilege that may be waived, Manchester Knitted Fashions, 967 F.2d at 691, and because the Carters waived their objection to venue by failing to file a timely Rule 12 motion, their motion to dismiss the amended complaint for lack of venue is denied.

While the Carters have effectively waived their right to obtain dismissal based upon improper venue, they have also moved for a convenience transfer under the provisions of 28 U.S.C.

§ 1404. Based upon the record currently before the court, that motion is denied.

"[A] district court may transfer any civil action to any other district or division where it might have been brought," in the interests of justice, and if a transfer would prove more convenient for parties and witnesses. 28 U.S.C. § 1404(a). But, "[t]he burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). Finally, whether to transfer an action for convenience is a matter totally within the discretion of the trial court. Coady, 223 F.3d at 11 (citing Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)).

Here, there is no doubt that Lloyd's could have brought this action in the Southern District of Florida, based upon the Carters' claim to be Florida residents. However, the court is hard pressed to see how the Carters have met their burden of proving that transfer is warranted.

Transfers are for "the convenience of parties and witnesses."  28 U.S.C. § 1404(a).  While that standard has remained relatively undeveloped in the First Circuit, other courts and commentators have clarified it.  When discussing the doctrine of forum non conveniens, the common law precursor of § 1404(a), see Albion v. YMCA Camp Letts, 171 F.3d 1, 1 (1st Cir. 1999) (citing Pedzewick v. Foe, 963 F. Supp. 48, 50 n.1 (D. Mass. 1997)), the Supreme Court explained that

> [i]mportant considerations [in deciding whether to transfer a case to another district] are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Gulf Oil, 330 U.S. at 508; see also 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.13[1] (3d ed. 2000) (listing fourteen factors that courts should consider when deciding whether to grant convenience transfer).  As the Supreme Court summarized, "[t]he court will weigh relative advantages and obstacles to fair trial."  Gulf Oil, 330 U.S. at 508.

7

Here, the likelihood of a full trial is minimal at best. Lloyd's complaint seeks to enforce a judgment already won in an English court. Given the nature of the case, and the narrow range of issues that remain open to litigation, it is difficult to imagine any material factual dispute – the issues will almost certainly be ones of law. See Society of Lloyd's v. Ashenden, 233 F.3d 473, 477 (7th Cir. 2000) (whether a foreign court conforms to "the 'international concept of due process'" is "not a question of fact"); Society of Lloyd's v. Baker, 673 A.2d 1336, 1338 (Me. 1996) ("application [of doctrine of comity] is a question of law that may be resolved by the court on a motion for a summary judgment") (citations omitted). In fact, all four of the cases cited in paragraph 36 of Lloyd's' amended complaint were resolved on summary judgment. See Society of Lloyd's v. Turner, 303 F.3d 325 (5th Cir. 2002) (affirming summary judgment for Lloyd's, under Uniform Foreign Country Money-Judgment Recognition Act, on grounds that English courts provide due process and enforcement of English judgment was not repugnant to Texas public policy); Ashenden, 233 F.3d at 477 (affirming summary judgment for Lloyds under Illinois Uniform Foreign Money-Judgment Recognition Act, explaining that existence of due

process in English courts is a "question . . . not open to doubt"); <u>Society of Lloyd's v. Grace</u>, 718 N.Y.S.2d 327, 328 (N.Y. App. Div. 2000) (affirming summary judgment for Lloyds, explaining that "since the underlying English judgments are procedurally sound and do not violate any public policy of New York or the United States, they are entitled to comity"); <u>Baker</u>, 673 A.2d 1336 (affirming summary judgment for Lloyds under principle of comity).

In their request for a convenience transfer, the Carters have not indicated how witnesses will be involved in a material way, nor have they identified any particular witnesses, or kinds of witnesses, that will be necessary to defend against Lloyd's suit on its judgment. Thus, they have not carried the burden of proving that transfer is necessary for their convenience, or for the convenience of witnesses, or for any other substantial reason that might warrant a transfer. Moreover, because "questions as to the enforcibility of a judgment if one is obtained," <u>Gulf Oil</u>, 330 U.S. at 508, are also relevant to deciding questions of venue, the court has before it ample justification for honoring Lloyd's decision to litigate this matter in a forum in which it

can, conveniently, seek to attach available property to secure its judgment.

## Conclusion

For the reasons given above: (1) the Motion to Dismiss Due to Improper Service of Process or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (document no. 7) is moot as to service and denied as to transfer; (2) the Motion to Dismiss Complaint Due to Improper Venue (document no. 10) is moot; and (3) the Motion to Dismiss Amended Complaint and Petition for Attachment Due to Improper Venue (document no. 14) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 14, 2003

cc: Michael J. Lambert, Esq.
    Thomas W. Aylesworth, Esq.