■ In the Matter of CLAIRE LUCIA D., Appellant, v RUSSELL MORRIS D., JR., Respondent. [842 NYS2d 361]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about September 14, 2005, which (1) denied petitioner's application for enforcement of an English support order, (2) denied petitioner's motion for leave to amend the registration to add a second English support order, and (3) vacated the registration of the first English order, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the issue of personal jurisdiction of the English court over respondent with regard to the English support proceeding remanded for a factual hearing, and the motion for leave to amend the registration to add the order issued in the Hague Convention proceeding granted.

Family Court Act § 580-607 provides, in pertinent part, that "[a] party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving . . . the issuing tribunal lacked personal jurisdiction over the contesting party" (§ 580-607 [a] [1]; *see also Aranoff v Aranoff*, 226 AD2d 657 [1996] [trial court was not required to recognize an Israeli divorce decree when there was no evidence that the foreign court had personal jurisdiction over both parties]; *Matter of Amy L.P. v William W.D.*, 261 AD2d 933 [1999] [support provisions of a foreign judgment not enforceable unless the foreign tribunal had personal jurisdiction over the respondent]). In addition, a New York court is permitted to scrutinize the basis of the foreign court's jurisdiction, for "an assertion of jurisdiction by a foreign court should not preclude a challenge here" (*CIBC Mellon Trust Co. v Mora Hotel Corp.*, 296 AD2d 81, 93 [2002], *affd* 100 NY2d 215 [2003], *cert denied* 540 US 948 [2003]).

In this matter, we agree with Family Court that the service of process upon counsel appointed for respondent in the Hague Convention abduction proceeding was, by itself, insufficient to give another English court in personam jurisdiction over respondent in the support proceeding, especially in view of such counsel's refusal to accept service. A review of the English court's orders in the support proceeding, however, indicate that respondent had, at least, notice of that proceeding. While notice to his counsel in the abduction proceeding may not have given the court in the support proceeding jurisdiction over him, the

September 10, 2002 order in the support proceeding states that counsel for respondent was heard, and presumably challenged jurisdiction. Accordingly, we find that issues of fact exist concerning whether the English courts had personal jurisdiction over respondent in the support proceedings.\*

We further find that Family Court erred when it denied petitioner's application to amend the registration to include the order issued in the Hague Convention abduction proceeding. It is clear that the English courts had jurisdiction over respondent, since he himself commenced the proceeding and if, as respondent claims, it is only an interim order superceded by any orders or judgments issued in Venezuela, respondent will be free to raise those issues if and when the enforcement of its provisions is sought in New York. Concur—Friedman, J.P., Nardelli, Gonzalez, Catterson and Kavanagh, JJ.

---

\* As a caveat to Family Court, we note that the Court of Appeals, in *CIBC Mellon Trust Co. v Mora Hotel Corp.* (100 NY2d 215, 222 [2003]), noted that " '[a]ny suggestion that [England's] system of courts does not provide impartial tribunals or procedures compatible with the requirements of due process of law borders on the risible' " (*id.*, quoting *Society of Lloyd's v Ashenden*, 233 F3d 473, 476 [7th Cir 2000]).