08-2332-cv
Tropp v. Corporation of Lloyd's

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of July, two thousand ten.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
            RICHARD C. WESLEY,
            DENNY CHIN,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
Richard A. Tropp, individually, and on behalf of all others similarly situated,
        <u>Plaintiff-Appellant</u>,

        -v.-                                    08-2332-cv

Corporation of Lloyd's, also known as The Society of Lloyd's,
        <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**    RICHARD A. TROPP, <u>pro se</u>, New York, NY.

**APPEARING FOR APPELLEE:**    JOHN W. BREWER, Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff, Richard Tropp, pro se, appeals from an order of the United States District Court for the Southern District of New York (Buchwald, J.) dismissing his action against defendant, the Corporation of Lloyd's ("Lloyd's"), on the grounds of improper venue and failure to state a claim. We assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review.

"Where the district court has relied on pleadings and affidavits to grant a Rule 12(b)(3) motion to dismiss on the basis of a forum selection clause, our review is de novo." Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., 572 F.3d 86, 89 (2d Cir. 2009) (internal quotation marks omitted). The party seeking enforcement of a forum selection clause must demonstrate that: "(1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause was mandatory and not merely permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause." Id.

Once the party seeking enforcement has established these conditions, the burden shifts to the party resisting enforcement to rebut the presumption of enforceability by "making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Phillips v. Audio Active, Ltd., 494 F.3d 378, 383-84 (2d Cir. 2007) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). "The Supreme Court has construed this exception narrowly." Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1363 (2d Cir. 1993).

Tropp's primary challenge to the district court's Rule 12(b)(3) holding is that the forum selection clause is unenforceable because United Kingdom law deprived him of any remedy, See, e.g., Roby v. Soc'y of Lloyd's, 992 F.2d 1353 (2d Cir. 1993) (A forum selection clause is unreasonable "if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy."), and that his experiences in UK

2

courts provide a record of this deprivation that was unavailable to the courts that have previously upheld the forum selection clause contained in Lloyd's General Undertaking agreement.

True, at least some claims against Lloyd's are now precluded by conclusions reached in unrelated UK litigation. See Laws v. Soc'y of Lloyds, [2003] EWCA (Civ) 1887, [65]. However, the UK courts did not dismiss Tropp's counterclaims on that basis. Moreover, although Tropp was unsuccessful in his attempts to assert defenses and counterclaims against Lloyd's in the UK courts, his experiences do not cause us to revisit our holding that the Lloyd's forum selection clauses (of which this is one) are valid because UK remedies are available. See, e.g., Roby, 992 F.2d at 1365-66.

We review de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009). We "assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)).

Whether a foreign judgment is domestically enforceable is a matter of state law. Fed. R. Civ. P. 69(a)(1). New York's Recognition Act applies to "any foreign country judgment which is final, conclusive and enforceable where rendered." N.Y. C.P.L.R. 5302. A judgment that satisfies 5302 "is enforceable by an action on the judgment, a motion for summary judgment in lieu of complaint, or in a pending action by counterclaim, cross-claim or affirmative defense." N.Y. C.P.L.R. 5303. "A foreign country judgment is not conclusive if," inter alia, "the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law." N.Y. C.P.L.R. 5304(a). "A foreign country judgment need not be recognized if," inter alia, "the cause of action on which the judgment is based is repugnant to the public policy of this state." N.Y. C.P.L.R. 5304(b).

Tropp argues that Lloyd's UK judgment is unenforceable because UK law employs a "sub-system" for claims like his, that denies due process to aggrieved Names. The New York Court of Appeals however, upholding the recognition of a

3

default English judgment, held that the "relevant inquiry under C.P.L.R. 5304(a)(1) is the overall fairness of England's legal 'system,' which is beyond dispute." See CIBC Mellon Trust Co. v. Mora Hotel Corp. N.V., 792 N.E.2d 155, 160 (N.Y. 2003).

Tropp contends that recognition of the UK judgment would be repugnant to various elements of New York's public policy. But Society of Lloyd's v. Grace, 718 N.Y.S.2d 327 (N.Y. App. Div. 2000) involved a litigant in Tropp's circumstances--in particular, the UK court "entered summary judgment without allowing defendants to present their fraud claim or challenge the amount sought by Lloyd's"--and the First Department concluded that "since the underlying English judgments are procedurally sound and do not violate any public policy of New York or the United States, they are entitled to comity." Id. at 328.

Finally, Tropp argues that, if the UK judgment does not violate the Recognition Act, then the Recognition Act itself violates his federal constitutional due process rights. He contends, as does the brief amicus curiae, that the case is controlled by Tumey v. Ohio, 273 U.S. 510 (1927), which holds that it "certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case." Id. at 523. In this case however, Tropp is not facing criminal charges, but rather a civil judgment for breach of contract relating to his voluntary relationship with Lloyd's. More importantly, although the UK courts gave conclusive effect to Lloyd's calculation of Tropp's liability, the UK courts themselves had no financial interest in the outcome of Tropp's case.

Finding no merit in Tropp's remaining arguments, we hereby **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4