■ DAGUERRE, S.A.R.L., Respondent, v ALBERT RABIZADEH, Appellant. [978 NYS2d 80]—

In an action to enforce a foreign country money judgment, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered February 8, 2012, which granted the motion for summary judgment, and (2) a judgment of the same court entered March 13, 2012, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $70,577.70.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment in lieu of complaint is denied, the order entered February 8, 2012, is modified accordingly, and the motion and answering papers are deemed to be the complaint and answer, respectively; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff is a private auction house with offices in Paris, France. The plaintiff alleges that on November 23, 2007, the defendant, a New York resident, was the winning bidder at auction for a set of four antique Russian drinking cups. The defendant subsequently questioned the authenticity of the cups, and did not tender payment for them. In the spring of 2009, the plaintiff commenced an action against the defendant in the Superior Court of Paris seeking to recover the sales price for the cups. Service of a writ of summons upon the defendant, in alleged conformity with the Hague Convention, was made on April 6, 2009. The defendant did not appear in the French action, and a judgment in favor of the plaintiff and against him was issued by the Superior Court of Paris on July 30, 2009. In October 2011, the plaintiff commenced this action to enforce the French judgment by filing a summons with notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court granted the plaintiff's motion, and entered judgment accordingly.

Under CPLR article 53, a judgment issued by the court of a foreign country is recognized and enforceable in New York State if it is "final, conclusive and enforceable where rendered" (CPLR 5302). "[A] foreign country judgment is considered 'conclusive between the parties to the extent that it grants or denies recovery of a sum of money' " (*CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215, 221 [2003], *cert denied* 540 US 948 [2003], quoting CPLR 5303; *see John Galliano, S.A. v Stallion, Inc.*, 15 NY3d 75, 80 [2010], *cert denied* 562 US —, 131 S Ct 228 [2010]). However, a foreign country judgment is not conclusive, and thus may not be recognized, if (1) it was "rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of

due process of law" or (2) "the foreign court did not have personal jurisdiction over the defendant" (CPLR 5304 [a] [1], [2]; *see CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d at 221-222). A plaintiff seeking enforcement of a foreign country judgment bears the burden of making a prima facie showing that the mandatory grounds for nonrecognition do not exist (*see Wimmer Can. v Abele Tractor & Equip. Co.*, 299 AD2d 47, 49 [2002]; *see CIBC Mellon Trust Co. v Mora Hotel Corp.*, 296 AD2d 81, 97 [2002], *affd* 100 NY2d 215 [2003]; *Ackermann v Levine*, 788 F2d 830, 842 n 12 [1986]; *Bridgeway Corp. v Citibank*, 45 F Supp 2d 276, 286 [1999], *affd* 201 F3d 134 [2000]; *S.C. Chimexim S.A. v Velco Enters. Ltd.*, 36 F Supp 2d 206, 212 [1999]).

Here, the plaintiff failed to make a prima facie showing that the Superior Court of Paris had personal jurisdiction over the defendant. Pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, service in a signatory country may be made, inter alia, "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory" (20 UST 361 [5] [a], TIAS No. 6638 [1969]). In the United States, the methods prescribed for service under the Hague Convention are set forth in rule 4 (e) (1) and (2) of the Federal Rules of Civil Procedure (*see Aspinall's Club v Aryeh*, 86 AD2d 428, 429-430 [1982]; *see also Stratigos v Stratigos*, 235 AD2d 531, 532 [1997]; *Wood v Wood*, 231 AD2d 713, 714 [1996]). Rule 4 (e) (1) authorizes service to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," and rule 4 (e) (2) sets forth three specific authorized methods of service. In support of its motion for summary judgment in lieu of complaint, the plaintiff submitted the affidavit of a process server indicating that service was effected by delivering the writ of summons to a person of suitable age and discretion at the defendant's place of business in New York. Delivery of the summons to a person of suitable age and discretion at the defendant's actual place of business is a state law method of service authorized by CPLR 308 (2), and thus permissible under rule 4 (e) (1). However, CPLR 308 (2) additionally requires that the summons be mailed to either the defendant's last known address or actual place of business, and personal jurisdiction is not acquired pursuant to CPLR 308 (2) unless both the delivery and mailing requirements have been complied with (*see Gray-Joseph v Shuhai Liu*, 90 AD3d 988, 989 [2011]; *Ludmer v Hasan*, 33 AD3d 594 [2006]). Since the affidavit of the plaintiff's process server did not aver that

the writ of summons was additionally mailed to the defendant, it was insufficient to establish, prima facie, that service was properly effected pursuant to CPLR 308 (2) (*see Steele v Hempstead Pub Taxi*, 305 AD2d 401, 402 [2003]), and therefore conformed to rule 4 (e) (1). Moreover, the plaintiff could not rely on evidence submitted for the first time in its reply papers to sustain its prima facie burden of showing that personal jurisdiction existed (*see L'Aquila Realty, LLC v Jalyng Food Corp.*, 103 AD3d 692 [2013]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 55 [2011]). The plaintiff's failure to make a prima facie showing required the denial of its motion regardless of the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Dillon, Sgroi and Miller, JJ., concur.