■ PEAK FINANCIAL PARTNERS, INC., Respondent, v JOSEPH BROOK et al., Appellants, et al., Defendant. [987 NYS2d 916]—

In an action to foreclose a mortgage, the defendants Joseph Brook and Zahava Brook appeal from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), entered May 14, 2013, which granted the plaintiff's motion for summary judgment on the complaint and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

" 'Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant[s], it is incumbent upon the plaintiff to prove its standing to be entitled to relief' " (*Kondaur Capital Corp. v McCary*, 115 AD3d 649, 649-650 [2014], quoting *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]). In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced (*see HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation (*see HSBC Bank USA v Hernandez*, 92 AD3d at 844).

Here, in support of its motion for summary judgment on the complaint, the plaintiff demonstrated that it had standing by offering proof that the note and mortgage were assigned to it prior to the commencement of this action. The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see Kondaur Capital Corp. v McCary*, 115 AD3d at 650). In opposition, the defendants Joseph Brook and Zahava Brook (hereinafter together the appellants) failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The appellants failed to establish that this action is barred by Business Corporation Law § 1312, as they failed to overcome the presumption that the plaintiff does business in California, its state of incorporation, and not in New York (*see* Business Corporation Law § 1312 [a]; *Household Bank [SB], N.A. v Mitchell*, 12 AD3d 568 [2004]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint, and properly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.