■ GEMSTAR CANADA, INC., Respondent, v GEORGE A. FULLER COMPANY, INC., Appellant. [6 NYS3d 552]—

In an action to enforce a foreign country money judgment, commenced by a motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Westchester County (Walker, J.), entered November 30, 2012, which, upon orders of the same court dated May 4, 2011, and December 9, 2011, respectively, is in favor of the plaintiff and against it in the principal sum of $139,792.28.

Ordered that the judgment is affirmed, with costs.

In September 2008, the plaintiff, a supplier of stone materials with headquarters in Ontario, Canada, commenced an action (hereinafter the Canadian action) in the Ontario Superior Court of Justice against the defendant, a New York construction company. The plaintiff alleged that the defendant breached an agreement between the parties by failing to pay for certain materials delivered to the defendant's project site in White Plains, New York. After the Ontario Superior Court of Justice entered a judgment (hereinafter the Canadian judgment) in favor of the plaintiff and against the defendant, the plaintiff commenced this action to enforce the Canadian judgment by filing a summons with notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

"Under CPLR article 53, a judgment issued by the court of a foreign country is recognized and enforceable in New York State if it is 'final, conclusive and enforceable where rendered' " (*Daguerre, S.A.R.L. v Rabizadeh,* 112 AD3d 876, 877 [2013],

quoting CPLR 5302). "[A] foreign country judgment is considered 'conclusive between the parties to the extent that it grants or denies recovery of a sum of money' " (*CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215, 221 [2003], quoting CPLR 5303; *see Daguerre, S.A.R.L. v Rabizadeh*, 112 AD3d at 877). "However, a foreign country judgment is not conclusive, and thus may not be recognized, if (1) it was 'rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law' or (2) 'the foreign court did not have personal jurisdiction over the defendant' " (*Daguerre, S.A.R.L. v Rabizadeh*, 112 AD3d at 877-878, quoting CPLR 5304 [a] [1], [2]; *see CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d at 221-222). "A plaintiff seeking enforcement of a foreign country judgment bears the burden of making a prima facie showing that the mandatory grounds for nonrecognition do not exist" (*Daguerre, S.A.R.L. v Rabizadeh*, 112 AD3d at 878; *see Wimmer Can. v Abele Tractor & Equip. Co.*, 299 AD2d 47, 49 [2002]).

The Ontario Superior Court of Justice is part of a judicial system that provides impartial tribunals and procedures compatible with due process of law (*see Lenchyshyn v Pelko Elec.*, 281 AD2d 42, 47 [2001]; *see generally Constandinou v Constandinou*, 265 AD2d 890 [1999]) and, here, that court had a valid basis for exercising jurisdiction over the defendant, as the defendant purposefully transacted business in Ontario (*see* CPLR 5305 [b]; CPLR 302 [a] [1]; *Larwex Enters. v Bacharach*, 302 AD2d 565, 566 [2003]; *Wimmer Can. v Abele Tractor & Equip. Co.*, 299 AD2d at 49-50; *see generally Paterno v Laser Spine Inst.*, 24 NY3d 370 [2014]). Moreover, CPLR 5305 (a) (2) provides, in relevant part, that a foreign country judgment "shall not be refused recognition" by New York "for lack of personal jurisdiction if . . . the defendant voluntarily appeared" in the foreign court proceedings for purposes other than "contesting the jurisdiction of the court" over him or her. Although the plaintiff failed to establish that the defendant was properly served with process in the Canadian action (*see generally* Ontario Courts of Justice Act, RRO, reg 194, Rules Civ Pro, rule 16.01 [Can]; *Daguerre, S.A.R.L. v Rabizadeh*, 112 AD3d at 878-879; *Aspinall's Club v Aryeh*, 86 AD2d 428, 433 [1982]), the plaintiff nonetheless demonstrated that the Ontario Superior Court of Justice had personal jurisdiction over the defendant, as the defendant "voluntarily appeared" in the Canadian action (CPLR 5305 [a] [2]; *see Otto v Massel*, 2 OR2d 706 [Can Ont HCJ 1973]) and "did more than [it] had to do to preserve a jurisdictional objection" (*CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d at 225 [applying CPLR 5305

(a) (2) to the enforcement of a judgment entered in the English High Court of Justice]; *see Constandinou v Constandinou,* 265 AD2d 890 [1999] [applying CPLR 5305 (a) (2) to the enforcement of a judgment entered in Canada]).

Contrary to the defendant's contention, it failed to establish that this action is barred by Business Corporation Law § 1312, which generally prohibits a foreign corporation doing business in New York without a certificate of authority from the New York Secretary of State from maintaining an action in the New York courts. The defendant failed to demonstrate that the plaintiff's "activities are so systematic and regular as to manifest continuity of activity in New York" (*Nick v Greenfield,* 299 AD2d 172, 173 [2002]; *see Airline Exch. v Bag,* 266 AD2d 414, 415 [1999]; *cf. Highfill, Inc. v Bruce & Iris, Inc.,* 50 AD3d 742, 744-745 [2008]). Accordingly, the defendant did not rebut the presumption that the plaintiff, as a foreign corporation without such a certificate of authority, did not do business in New York (*see Peak Fin. Partners, Inc. v Brook,* 119 AD3d 539, 539 [2014]; *Nick v Greenfield,* 299 AD2d at 173; *see generally* Business Corporation Law § 1312 [a]).

Accordingly, the Supreme Court properly granted the plaintiff's motion, and entered judgment accordingly. Rivera, J.P., Austin, Roman and Barros, JJ., concur.