Appeal by the mother from an order of the Family Court, Kings County (Jacqueline B. Deane, J.), dated November 2, 2016. The order denied the mother’s objections to an order of that court (Mima Mompelas, S.M.), dated‘August 30, 2016, which granted the father’s petition to vacate the registration in New York of an order of a foreign court on the ground of lack of personal jurisdiction.
 

 Ordered that the order dated November 2, 2016, is affirmed, with costs.
 

 The parties were married in 1981 and are the parents of two children. In 1995, the mother, who then resided in Greece, filed a petition in that country seeking, inter alia, an award of child support. An order of the First Instance Court of Athens, Greece (hereinafter the foreign order), entered a default judgment against the father pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1969]), awarding the mother, inter alia, child support. In 2015, the mother filed a petition seeking to enforce the foreign order, and in May 2016, registered the foreign order in the Family Court, Kings County. The father then filed a petition to vacate the registration of the foreign order on the ground of lack of personal jurisdiction. The Support Magistrate granted the father’s petition to vacate on the ground of lack of personal jurisdiction. In the order appealed from, the Family Court denied the mother’s objections to the Support Magistrate’s order. The mother appeals.
 

 In order for the decree of a foreign court to be accorded recognition in this State, the court must have had in personam jurisdiction over the parties (see Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d 876, 877-878 [2013]; Aranoff v Aranoff, 226 AD2d 657, 658 [1996]; Vazquez v Sund Emba AB, 152 AD2d 389 [1989]). A New York court is permitted to scrutinize the basis of the foreign court’s jurisdiction; “an assertion of jurisdiction by a foreign court should not preclude a challenge here” (Matter of Claire Lucia D. v Russell Morris D., 43 AD3d 286, 287 [2007] [internal quotation marks omitted]).
 

 The Family Court properly denied the mother’s objections to the Support Magistrate’s order, which found that the Greek court failed to follow the requirements of the Hague Convention regarding personal jurisdiction. Hence, the foreign order was not entitled to comity by the courts of this State (see Greschler v Greschler, 51 NY2d 368, 376 [1980]; Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d at 877-878; Aranoff v Aranoff, 226 AD2d at 658).
 

 Balkin, J.P., Leventhal, Chambers and Miller, JJ., concur.