Batbrothers LLC v Paushok (2019 NY Slip Op 03892)





Batbrothers LLC v Paushok


2019 NY Slip Op 03892


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


150122/15 9328 9327

[*1]Batbrothers LLC, Plaintiff-Respondent,
v
Sergey Victorovich Paushok, Defendant-Appellant.


Garson, Segal, Steinmetz, Fladgate LLP, New York (Kevin Murphy of counsel), for appellant.
Holland & Knight LLP, New York (Mitchell J. Geller of counsel), for respondent.

 


Order, Supreme Court, New York County (Andrew Borrok, J.), entered June 26, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendant's counterclaims for abuse of process and intentional infliction of emotional distress, unanimously affirmed, without costs. Order, same court and Justice, entered December 3, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment and recognized the judgment entered in the Cheremushki District Court in Moscow, Russia (the Russian Judgment), in favor of plaintiff against defendant in the amount of $25,030,560.18, unanimously affirmed, without costs.
Supreme Court properly granted plaintiff summary judgment and recognized the Russian Judgment. Plaintiff made out a prima facie case of entitlement to summary judgment for recognition of the foreign money judgment by showing that the Russian Judgment was final, conclusive, and enforceable when rendered, and that neither of the mandatory grounds for non-recognition applied (see CPLR 5301-03, 5304[a]; Gemstar Can., Inc. v George A. Fuller Co. Inc., 127 AD3d 689, 690 [2d Dept 2015]; Abu Dhabi Commercial Bank PJSC v Saad Trading, Contr. & Fin. Servs. Co., 117 AD3d 609, 611-612 [1st Dept 2014]). Defendant's voluntary participation in multiple rounds of appeals in the Russian courts, in which he raised arguments about personal jurisdiction and the merits of the bona fides of the judgments, is fatal to his argument that he did not receive adequate notice or due process in Russia (see CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 225-226 [2003], cert denied 540 US 948 [2003]; Korea Resolution & Collection Corp. v Hyuk Kee Yoo, 170 AD3d 485 [1st Dept 2019]).
Defendant's arguments that the debt underlying the Russian Judgment has been paid or otherwise terminated by operation of Russian law are misplaced in this Article 53 proceeding, because they go to the merits of the underlying judgment. This proceeding is limited to the "ministerial function of recognizing the foreign country money judgment and converting it into a New York judgment" (CIBC Mellon, 100 NY2d at 222). The court evaluates only whether we are satisfied that the foreign court's exercise of jurisdiction properly comported with New York's concept of personal jurisdiction, and whether the foreign decision was consonant with "our notions of procedure and due process of law" (Sung Hwan Co. Ltd. v Rite Aid Corp., 7 NY3d 78, 83 [2006]).
Supreme Court correctly dismissed defendant's counterclaims, because the dispute has already been resolved against defendant by the Russian courts. To the extent that defendant's abuse of process counterclaim is premised upon plaintiff's commencement of this CPLR article 53 proceeding, it fails to state a cause of action (see Casa de Meadows Inc. [Cayman Is.] v [*2]Zaman, 76 AD3d 917, 921 [1st Dept 2010]). Moreover, plaintiff's prosecution of a meritorious judgment recognition proceeding cannot support a claim for intentional infliction of emotional distress (see Howell v New York Post Co., 81 NY2d 115, 121-22 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019