Shanghai Yongrun Inv. Mgt. Co., Ltd v Maodong Xu (2022 NY Slip Op 01523)





Shanghai Yongrun Inv. Mgt. Co., Ltd v Maodong Xu


2022 NY Slip Op 01523


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. 156328/20 Appeal No. 15488 Case No. 2021-01637 

[*1]Shanghai Yongrun Inv. Mgt. Co., Ltd, Plaintiff-Appellant,
v
Maodong Xu, Defendant-Respondent, Kashi Galaxy Venture Capital Co., Ltd., Defendant. 


DGW Kramer LLP, New York (Katherine Burghardt Kramer of counsel), for appellant.
Law Offices of Bing Li, LLC, New York (Bing Li of counsel), for respondent.
Arnold & Porter Kaye Scholer LLP, New York (Anton A. Ware of counsel), for amici curiae.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about April 30, 2021, which granted defendants' CPLR 3211(a)(1) motion to dismiss the complaint seeking to enforce a foreign money judgment pursuant to CPLR article 53, unanimously reversed, on the law, with costs, and the motion denied.
The allegations that defendants had an opportunity to be heard, were represented by counsel, and had a right to appeal in the underlying proceeding in the People's Republic of China (PRC) sufficiently pleaded that the basic requisites of due process were met (see CPLR 5304[a][1]; CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 221-222 [2003], cert denied 540 US 948 [2003]; Society of Lloyd's v Grace, 278 AD2d 169 [1st Dept 2000]). The court should not have dismissed the action on the ground that the U.S. State Department's 2018 and 2019 Country Reports on Human Rights Practices (Country Reports) conclusively refuted plaintiff's allegation that the PRC judgment was rendered under a system that comported with the requirements of due process. The Country Reports do not constitute "documentary evidence" under CPLR 3211(a)(1) (see Fontanetta v John Doe 1, 73 AD3d 78, 86, 87 [2d Dept 2010]; see also Armadillo Distrib. Enters., Inc. v Hai Yun Musical Instruments Manufacture Co., 2014 WL 2815943, *4-6, 2014 US Dist LEXIS 85015, *10-16 [MD Fla 2014]; Palacios v The Coca-Cola Co., 757 F Supp 2d 347, 359 [SD NY 2010], affd 499 Fed Appx 54 [2d Cir 2012]). In any event, the reports, which primarily discuss the lack of judicial independence in proceedings involving politically sensitive matters, do not utterly refute plaintiff's allegation that the civil law system governing this breach of contract business dispute was fair.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022