Huizhi Liu v Guoqing Guan (2024 NY Slip Op 01536)

Huizhi Liu v Guoqing Guan

2024 NY Slip Op 01536

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-01220
 (Index No. 713741/19)

[*1]Huizhi Liu, respondent, 
v
Guoqing Guan, et al., appellants.

Law Offices of Bing Li, LLC, New York, NY, for apellant.
Goldberger & Dubin, P.C., New York, NY (Renee M. Wong of counsel), for respondents.

DECISION & ORDER
In an action to enforce a foreign country money judgment, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered January 7, 2020. The order granted the plaintiff's motion for summary judgment in lieu of complaint and denied the defendants' cross-motion for summary judgment dismissing the action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment in lieu of complaint, and substituting therefor a provision denying the motion and deeming the motion and answering papers to be the complaint and answer, respectively; as so modified, the order is affirmed, without costs or disbursements.
In May 2018, the plaintiff commenced an action in the Supreme Court, Queens County, alleging that the defendant Guoqing Guan had failed to make payments due under a loan agreement and that the defendants had fraudulently conveyed certain real property located in Queens with the intent to defraud creditors. The court conditionally granted the motion of the defendants in that action to dismiss that action on the ground of forum non conveniens, provided that the defendants consented to the jurisdiction of the People's Republic of China. The plaintiff subsequently commenced an action against the defendants based on the breach of the loan agreement in the People's Court of Zhuhai City, Xiangzhou District, China.
After the Chinese court entered a default judgment against the defendants and another entity, the plaintiff commenced this action in August 2019 to recognize and enforce the Chinese judgment by filing a summons with notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendants cross-moved for summary judgment dismissing the action. In an order entered January 7, 2020, the Supreme Court granted the plaintiff's motion for summary judgment in lieu of complaint and denied the defendants' cross-motion. The defendants appeal.
"Under CPLR article 53, a judgment issued by the court of a foreign country is recognized and enforceable in New York State if it is final, conclusive and enforceable where rendered" (Gemstar Can., Inc. v George A. Fuller Co., Inc., 127 AD3d 689, 689 [internal quotation marks omitted]; see Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d 876, 877). "[A] foreign country [*2]judgment is considered 'conclusive between the parties to the extent that it grants or denies recovery of a sum of money'" (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 221, quoting CPLR 5303). "However, a foreign country judgment is not conclusive, and thus may not be recognized, if (1) it was 'rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law' or (2) 'the foreign court did not have personal jurisdiction over the defendant'" (Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d at 877-878, quoting CPLR 5304[a][1],[2]; see CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d at 221-222). We note that although CPLR 5304 was amended effective June 11, 2021 (see L 2021, ch 127, § 5), those amendments apply to cases commenced on or after the effective date thereof (see L 2021, ch 127, § 10). Since this action was commenced prior to that effective date, we need not consider the impact of those amendments and express no view on that issue. Pursuant to the law applicable at the time of commencement of this action, a plaintiff seeking to enforce a foreign country judgment by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 bears the burden of demonstrating, prima facie, that the mandatory grounds for nonrecognition set forth in CPLR 5304(a) do not exist (see Gemstar Can., Inc. v George A. Fuller Co., Inc., 127 AD3d at 690; Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d at 878; see also Wimmer Can. v Abele Tractor & Equip. Co., 299 AD2d 47, 49).
Here, the plaintiff's motion for summary judgment in lieu of complaint was supported only by the Chinese judgment and a stipulation demonstrating the defendants' consent to the jurisdiction of the People's Republic of China. The plaintiff's submissions were insufficient to establish, prima facie, that the Chinese judicial system is one that provides impartial tribunals and procedures compatible with the requirements of due process of law (see CPLR 5304[a][1]).
Contrary to the plaintiff's contention, the defendants are not judicially estopped from asserting a defense based on CPLR 5304(a)(1) by virtue of having sought dismissal of the prior New York action on the grounds of forum non conveniens. The position taken by the defendants in the prior New York action was not so clearly inconsistent with the position taken in the current action as to warrant the application of the doctrine of judicial estoppel (see Barker v Amorini, 121 AD3d 823, 825; see also Bank Melli Iran v Pahlavi, 58 F3d 1406, 1413 [9th Cir]). The plaintiff's failure to make a prima facie showing required the denial of her motion for summary judgment in lieu of complaint regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly denied the defendants' cross-motion for summary judgment dismissing the action. The defendants' submission of the United States Department of State's "China . . . 2018 Human Rights Report," standing alone, was insufficient to demonstrate as matter of law that the Chinese judgment was rendered under a system that did not comport with the requirements of due process (see Shanghai Yongrun Inv. Mgt. Co., Ltd v Maodong Xu, 203 AD3d 495, 496; AlbaniaBEG Ambient Sh.p.k. v Enel S.p.A., 160 AD3d 93, 112 n 20; Armadillo Distrib. Enters., Inc. v Hai Yun Musical Instruments Manufacture Co. Ltd., 2014 WL 2815943, *5-6, 2014 US Dist LEXIS 85015, *12-16 [MD Fla, No. 8:12-cv-1839-T-33EAJ]).
Since triable issues of fact exist regarding whether the Chinese judgment should be denied recognition under CPLR 5304(a)(1), the Supreme Court should have deemed the moving and answering papers to the plaintiff's motion to be the complaint and answer, respectively (see CPLR 3213; Mister Money Israel, Ltd. v Leibowitz, 100 AD3d 842, 843).
The defendants' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court